PeaRson, J.
 

 The only difficulty we have, is.to put,a construction upon the charge. If his Honor meant there was no evidence of a ratification of a sale, clearly there js error; for the testimony of Ray and Metcalf, and the fact that the wife took the cattle home, and the husband kept them in his possession for four or five years, was the.strongest kind of evidence. The structure of the sentence favors this construction — “ the plaintiff acquired no title, unless the husband had authorised his wife to sell at, or before, the sale, or had subsequently assented to it — there is no evidence that he authorised the sale, nor is there any evidence
 
 that he subsequently assented to it.”
 
 This is what the order of the sentence called for, and we are at a loss to conceive, why he used the words — “ that he had said any thing on the subject after the sale,” except on the supposition, that he considered them as meaning the same thing. This must be so, unless he meant to drop “ a part of the idea” and depart from the order of the sentence.
 

 If the meaning is, that, to constitute a subsequent absent,, it was necessary he should
 
 have said
 
 something on the subject, after the sale — there is error; because an assent can be implied from
 
 acts
 
 as well as
 
 words.
 

 But taking the words literally, there is error; for, there was evidence, that he had said something on the subject, after the sale. The defendant’s own witnesses prove, that the plaintiff and Landers had been talking on the subject.
 

 It is suggested, that, in the latter part of the charge, a ratificatioii is assumed; and thus, all objection to the former part is removed. It is true, the jury are told, if they believe there was a subsequent agreement, that Landers should repay the price in work, and he did so, then the
 
 *296
 
 plaintiff is not entitled to recover. But here the charge stops; and in any point of view, in which the. case is presented, the plaintiff is
 
 not entitled to recover.
 
 Usually, when the jury are charged, that, if a certain fact is established, the plaintiff is not entitled to recover, it is implied, that otherwise he is entitled to recover. But, when this alternative branch of the proposition is required to' remove a ground of objection to a preceding part of the charge, it is necessary, that it should be expressed, and not be left to implication. In this case, if his Honor had gone on to say: “But, unless the defendant hag satisfied the jury, that Lan-ders did, in fact, repay the plaintiff by work, then he is entitled to recover5’ — the objection might have been removed. As it is, we think the plaintiff has good cause to complain of the manner in which thebase was put to the jury.
 

 If a Judge omits to charge upon a point presented by the evidence, it is no erroi', unless he is requested to give the charge. But, if he makes a charge against law, it is error, unless it be upon a mere abstract proposition, and it is apparent upon the whole case, that it could not have misled the jury.
 

 Per Curiam.' Judgment reversed, and
 
 venire de novo
 
 awarded.